## SOUTHWESTERN BELL TEL. CO.

### v.

### SHELL.

### No. 16298.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 29, 1954.

Bullington, Humphrey, Humphrey & Fillmore and Lee Humphrey, Wichita Falls, for petitioner.

Spence & Rexford, Wichita Falls, for respondent.

PER CURIAM.

Petitioner has filed an original motion in this court whereby it seeks leave to file a Petition for Mandamus in which it seeks to have this appellate court issue a Writ of

Mandamus to the District Judge of the 30th District Court of Wichita County, Texas, directing him to enter a judgment in favor of the defendant in a damage suit styled Olin W. White v. Southwestern Bell Telephone Company, No. 52,265–C on the docket of said court. It is made to appear that following a jury trial of said cause pursuant to which the verdict of the jury was returned with many questions unanswered, but with a finding made that the plaintiff was guilty of contributory negligence which proximately caused his injuries, the court took the case under advisement, and on date of December 29, 1953, entered an order declaring a mistrial. No judgment or final order of any kind was entered.

We believe that leave to file the Petition for Mandamus presented with the motion should not be granted by this court. We have reached this conclusion because the petition fails to show that there is no impediment to the doing of the act sought to be enforced. Neither does such petition negative every defensive fact which the respondent might urge as a legal excuse for not performing the service demanded. Requisites of petitions in a suit for mandamus include these. 28 Tex.Jur., p. 639, sec. 65. This court held in the case of Sartin v. Hudson, Tex.Civ.App., Fort Worth, 1940, 143 S.W.2d 817, that such a petition should negative every fact which the officer might urge as a legal excuse for not performing the service demanded, that in granting a writ against a public official, seeking to compel the performance of a public duty about which the officer may have no personal concern, the court must be fully advised on the subject.

In the same case it was further stated that the propriety of issuing the writ is therefore not to be determined by the defense which the official may interpose, but by the allegation and proof of facts which show affirmatively and clearly that under the particular circumstances he is legally bound to perform the service. The duties of the court would be none the less imperative if the officer failed to set up any defense whatever. It is not a matter which he can waive.

The petition for which leave to file is requested assumes that the respondent Trial Judge could have had no occasion to declare a mistrial of the cause in his court other than because of his belief that the answers returned by the jury in its verdict would not support the entry of a judgment. That there might be numerous other reasons and occasions justifying orders declaring mistrials cannot be disputed. From the petition tendered we are not warranted in concluding that there were none in the present instance.

The motion is denied.